Stokes v. Chrysler Corp.          CV-94-647-SD  04/22/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Gina Stokes, et al


    v.                                    Civil No. 94-647-SD


Chrysler Corporation


O R D E R


    In this diversity action, plaintiffs Gina and David Stokes, and Joanne Falmuchi-Johnson on behalf of the Estate of Tammi Stokes, assert, inter alia, a claim for strict products liability against defendant Chrysler Corporation for injuries incurred when plaintiffs' Jeep Cherokee was involved in a motor vehicle accident.

    Presently before the court is plaintiffs' motion for partial summary judgment on the issue of the existence of a manufacturing defect in the vehicle, to which defendant objects.


Background

    The background of this action is outlined in the court's order of June 26, 1995, at 2-3, and will not be here repeated.

Discussion

## 1. Summary Judgment Standard

Summary judgment shall be ordered when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed. R. Civ. P.  Since the purpose of summary judgment is issue finding, not issue determination, the court's function at this stage "'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  Although "motions for summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might some day reveal," Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994), the entire record will be scrutinized in the light most favorable to the nonmovant, with all reasonable inferences indulged in that party's favor, Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 1958 (1995); see also Woods v. Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir. 1994); Maldonado-Denis, supra, 23 F.3d at 581.

"In general . . . a party seeking summary judgment [is

2

required to] make a preliminary showing that no genuine issue of material fact exists."  National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)), cert. denied, ___ U.S. ___, 115 S. Ct. 2247 (1995).

> A "genuine" issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either party.  Maldonado-Denis, 23 F.3d at 581. In other words, a genuine issue exists "if there is 'sufficient evidence supporting the claimed factual dispute' to require a choice between 'the parties' differing versions of the truth at trial.'"  Id. (quoting Garside [v. Osco Drug, Inc.,] 895 F.2d [46,] 48 [1st Cir. 1990)].  A "material" issue is one that might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Libertad v. Welch, 53 F.3d 428, 435 (1st Cir. 1995).

"'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve . . . .'"  National Amusements, supra, 43 F.3d at 735 (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)).  Accordingly, "purely conclusory allegations, . . . rank speculation, or . . . improbable inferences" may be properly discredited by the court, id. (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)), and "'are insufficient to raise a genuine issue of

3

material fact,'" Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (quoting August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir. 1992)).

2. The Merits

Plaintiffs principally rely upon the report and affidavit of their vehicle-analysis expert David A. Renfroe, Ph.D., P.E., wherein he concludes that "Tammi's rear seat failed allowing her to be ejected . . . [and that such] back seat failure was due to a manufacturing defect[,] i.e excessive grinding of the left locking tab weld . . . ." Affidavit of David A. Renfroe, Ph.D., P.E., ¶ 6 (attached to Plaintiff's Motion as Exhibit B) (parenthesis omitted).

In apparent opposition to this conclusion, defendant has submitted an affidavit and report of their own retained vehicle-analysis expert, Jon S. McKibben, who avers that "[b]ased on presently available information, it is my opinion that there is no manufacturing defect in the left locking tab weld for the rear seat of the subject vehicle." Affidavit of Jon S. McKibben ¶ 3 (attached to Defendant's Objection as Exhibit B). In support thereof, Mr. McKibben offers the following opinion:

> Deformation of the seatback is substantial, consistent with the loading against the seatback by the rear passenger when the rear of the Jeep was accelerated forward by the trailer which

4

> impacted the upper left rear Jeep structure. Deformation of the seatback obviously occurred before any separation of seatback retention latches. Due to the extensive deformation loads on the seatback, the seatback bent and ultimately forced the upper left seatback latch assembly apart.
> . . . .
>     There is no indication that the Jeep Cherokee involved in this crash performed any differently than would any other typical production vehicle of similar type. No defect in design or manufacture appears to have caused or aggravated injuries in this case.

Preliminary Investigation Report of Jon S. McKibben, dated December 4, 1995, at 4-5 (attached to Defendant's Objection as Exhibit B).

In light of the conflicting evidence on the issue of manufacturing defect, as well as the acknowledgement that the respective experts have yet to be deposed, the court herewith denies plaintiffs' motion for partial summary judgment as to manufacturing defect.

Conclusion

For the reasons set forth herein, plaintiffs' motion for partial summary judgment as to manufacturing defect (document 21) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 22, 1996

5

cc:   Robert M. Nadeau, Esq.
      Robert J. Foley, Esq.
      Peter M. Durney, Esq.